FILED
SUPERIOR COURT
OF GUAM

2019 JUL 12 AM 11:07

CLERK OF COURT

By:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| PEOPLE OF GUAM,<br><br>                               Plaintiff,<br><br>        vs.<br><br>JUDE KRISTOPHER CONCEPCION,<br><br>                              Defendant. | **Superior Court Case No. CF0222-19**<br><br><br>**DECISION AND ORDER**<br>**RE**<br>**MOTION FOR DE-CERTIFICATION** |

The Court here considers whether to decertify this matter to the Family Court. Finding that Family Court presents the appropriate rehabilitative environment to address the alleged offense and the persons involved, the Court GRANTS the Motion.

## I. PROCEDURAL BACKGROUND

A grand jury indicted Concepcion with two counts of First Degree Criminal Sexual Conduct (as a 1st Degree Felony) and two counts of Second Degree Criminal Sexual Conduct (as a 1st Degree Felony). Concepcion was 17 at the time of the alleged offense. Concepcion and the 14-year-old victim are related by marriage and lived in the same residence.

Concepcion asks the Court to decertify and transfer the case to Family Court. The People oppose on the basis that Concepcion committed forcible rape and "should be well aware of the possible consequences of rape" and that "there is no rehabilitation for this type of offense available in Family Court." Opp'n. at 3 (June 6, 2019). At the July 12, 2019 Motion hearing,

# ORIGINAL

the People represented that the victim wishes that the matter not be decertified. According to Concepcion's attorney, however, the victim's father agreed to the decertification.

## II.   LAW AND DISCUSSION

The Court first acknowledges that Concepcion faces serious charges--the rape of a minor and close family member. This is one of the most heinous crimes and endemic on Guam.

But the Legislature permits minors to be adjudicated through the Family Court system even for crimes of a serious nature. The Legislature created the Family Court and, just four years ago, passed Public Law No. 33-33, which vests discretion in the Court to determine when it is appropriate for a minor to be adjudicated in Family Court.

That discretion may be exercised upon "clear and convincing evidence that the best interest of the minor would be amenable to the care, treatment, and training programs available through the facilities of the juvenile court." 19 GCA § 5106(d). The Court must give great weight to the seriousness of the alleged offense and the minor's prior record of delinquency, while also considering factors such as the minor's age, the presence of a deadly weapon, the advantages of treatment within the juvenile justice system, a reasonable likelihood of rehabilitation, and the adequacy of punishment or services. 19 GCA § 5106(d).

Guam's law follows recent U.S. Supreme Court jurisprudence which holds that criminal offenses committed by minors may be treated differently from adult offenses because "children are not adults." *J.D.B. v. N.C.*, 564 U.S. 261, 274 (2011). "[C]hildren generally are less mature and responsible than adults; that they often lack the experience, perspective, and judgment to recognize and avoid choices that could be detrimental to them; that they are more vulnerable or susceptible to . . . outside pressures than adults. . . ." *Id.*

ORIGINAL.

This separate treatment of juvenile offenders extends to sexual offenses. Juveniles charged with sex offenses present different clinical issues than adult sexual predators. Juveniles tend to commit non-predatory offenses and offenses of curiosity against persons they know. Amy Halbrook, *Juvenile Pariahs*, Hastings L.J. 1, 11 (2013). If they receive appropriate treatment, juveniles are far less likely than adult offenders to recidivate. *Id.*; Kristan Russell and Shawn C. Marsh, *When Juveniles Commit Sexual Offenses*, Juv. & Fam. Ct. J. Vol. 69 No. 2 at 37, 39 (2018). To the contrary, juvenile sex offenders who are punished through traditional methods of incarceration and public shaming through sex offender registries are at a higher risk of recidivism for a number of reasons. Because juvenile sex offenses generally involve family members, the penalty of sex offender registration does not necessarily separate the offender from the offended population. In addition, registration alienates juveniles from educational institutions, hindering their abilities to obtain education and employment and become positive, contributing members of society.

Part of the Court's discretion is to determine whether rehabilitation is available in the Family Court. In fact, that is the People's primary objection--that rehabilitation is not available for juvenile sex offenders in Family Court. The People's statement is an unfortunate misrepresentation. It paints the picture that juveniles charged with sex offenses inside of Family Court do not receive effective treatment.

To the contrary, juvenile sex offenders receive intensive individual and family counseling through the Court's Client Services and Family Counseling Division or through Guam Behavioral Health and Wellness Center's I Famaguon Ta program. These counseling services actively engage juveniles presently in the Family Court system who have been charged with sexual offenses. This Court--who also presides over the Family Court--has seen firsthand

ORIGINAL

how counseling helps minors gain an understanding of the underlying causes of their offenses, heals family wounds, and prepares the minor and the family for life after the offense. The counselors in these institutions have training in adolescent development and problematic family dynamics. Moreover, the Office of the Attorney General prosecutes sex offenses in Family Court, and often agrees with and advocates for sex offender treatment programs. Thus, it is incorrect and misleading for the People here to dismiss the Family Court as ineffective.

The People's punitive approach also contrasts the latest empirical research concerning juveniles charged with sex offenses. Recent research dispels the public's fear that juvenile sex offenders have predatory inclinations. Instead, through counseling, juveniles tend to "course correct" before adulthood and do not become career criminals.

Overall, the Court finds that clear and convincing evidence compels the transfer of this case to Family Court. At 17, Concepcion has no prior record of delinquency. He has not been accused of using a deadly weapon. Both of these factors favor a high rate of rehabilitation within the Family Court system.

In addition, the Family Court has the implements to adjudicate and treat Concepcion's alleged offense. The Family Court has the resources to address this serious offense using evidence-based assessments and practices to guide the Court in determining the appropriate level of punishment as well as rehabilitation. Because of Concepcion's age and the dynamic of this matter involving a family member, intense family counseling will assist Concepcion, the victim, and the entire family dealing with this event. These outcomes are preferred over an adult adjudication that sets aside Concepcion's age and focuses more on a punitive result than a rehabilitative one geared towards his youth.

ORIGINAL

The Court's conclusion here does not overlook justice to the alleged victim or the seriousness of the offense. Because Family Court often deals with offenses against family members, whether through family violence or sexual assaults, the entire family is involved in family counseling with the aim of healing these fractured relationships. Treatment will become available to this victim just as it is to the juvenile defendant.

## III. CONCLUSION

For these reasons, the Court GRANTS the Motion to Decertify. The People must file a petition in the Family Court within 30 days.

SO ORDERED this 12th day of July 2019.

HON. ELYZE M. IRIARTE
Judge, Superior Court of Guam

**SERVICE VIA COURT BOX**
I acknowledge that a copy of the original hereto was placed in the court box of:

_AG, PDSC_

Date: 7/12/19 Time: 11:40

Deputy Clerk, Superior Court of Guam

Appearing Attorneys:
Assistant Attorney General Christine S. Tenorio for the People of Guam
Assistant Public Defender Stephen P. Hattori for Defendant Jude K. Concepcion

ORIGINAL